(Decided 21st January, 1876.)

---

LOUIS MUTH *vs.* ALEXANDER Y. DOLFIELD.

*Negotiability of Notes issued by a Building Association.*

In this case certain notes issued by a Building Association, were held to be negotiable promissory notes and not sealed bills. (See the immediately preceding case of *Jackson and Wife vs. Myers Brothers*.)

APPEAL from the Court of Common Pleas.

On the 25th of July, 1873, The Low Street Building Association, No. 6, made two notes, by each of which it promised to pay to the order of the appellant, on the 26th of July, 1874, $1000 for value received. These notes were signed under a clause reading as follows: "Witness the signatures of the President, Secretary, and Treasurer of said Association," by Henry Erner, president, Charles J. Klueber, secretary, and B. Fladung,

treasurer. Opposite these signatures, and on the left hand side of the notes, was printed a device consisting of a circle with a house in the centre, and around the house, and inside of the circle, the words, "The Low Street Building Association, No. 6." This device was printed in red ink, a different color from the other printed portions of the notes. Each of the notes was endorsed by the appellant, and B. Fladung, and not being paid at maturity, were duly protested. Thereupon, the appellee instituted this action of *assumpsit* against the appellant as endorser of said notes.

At the trial, the plaintiff offered evidence tending to prove the signatures of the officers of the Association, to the notes sued on, as also the signatures of the appellant and B. Fladung, endorsed thereon. The plaintiff testified that he was the holder of the notes, and had given value for them.

The defence taken was that the notes sued on, were sealed instruments, and therefore inadmissible in evidence under the pleadings.

Five exceptions were taken by the defendant; four were to the rulings of the Court upon the admissibility of evidence, and need not be set out; and the fifth was as follows :

*Fifth Exception.* The defendant offered the following prayer :

If the jury shall believe from the evidence that the two paper writings offered in evidence by the plaintiff in this case, had each printed upon them a device consisting of a circle, with the words "The Low Street Building Association, No. Six," printed in the centre of such circle, and also the representation of a house therein, and shall further believe that such device was intended as the corporate seal of said Low Street Building Association, No. 6, then they shall find for the defendant in this case.

The Court, (GAREY, J.,) refused this prayer, and instructed the jury as follows :

The Court instructs the jury that the only fact in this case to be found by the jury is, whether or not the devices on the two written papers given in evidence, were the seals of the Low Street Building Association, No. 6, at the time said written instruments were passed to the plaintiff, and if they were passed to him with said devices attached as corporate seals; and if they find that such devices were said seals, and were attached as aforesaid, they must find for the defendant, unless they find that the witness Fladung, in passing said written papers to the plaintiff, informed him that said devices were not seals, and that said Association had no such seal as set out in the evidence given by the witness of the plaintiff. And in case they further find that said papers were duly protested as given in evidence, then they will find for the plaintiff.

The verdict and judgment were for the plaintiff; and the defendant appealed.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, MILLER, ALVEY and ROBINSON, J.

*Frederick C. Cook,* for the appellant.

Any device appearing upon the face of an obligation issued by a corporation, whether it be printed or stamped thereon, or a scrawl, must be taken to be the seal of the corporation, and being signed by the officers of the corporation, is a sufficient adoption of the seal. *Trasher vs. Everhart,* 3 *G. & J.,* 234; *Stabler vs. Cowman,* 7 *G. & J.,* 284; *Bk. of Middlebury vs. R. & W. R. R. Co.,* 30 *Vermt.,* 159; *Gazzam vs. Ohio Ins. Co., Wright's Ohio Supreme Court Rep.,* 214; *Crossman vs. Hilltown Turnpike Co.,* 3 *Grant Pa.,* 225; *Queen vs. Inhabitants of St Paul,* 53 *Eng. Com. Law,* 232.

That a scrawl is a sufficient seal for a private individual or a corporation is well settled, and where a seal is printed

upon paper, or a party signs opposite to it, he thereby adopts this as his seal, and the paper so signed becomes thereby a specialty. To determine that printed scrolls would not be seals, would change the most of the bonds filed by trustees, administrators, &c., from specialties to penal contracts; and if an individual, by signing his name opposite a printed device, thereby adopts it as his seal, it must follow that if a corporation issues an obligation signed by its officers, and having on its face a printed device, it thereby necessarily adopts such device as its corporate seal, and such instrument is a sealed and not a simple contract. If this be correct, then the notes offered in evidence were clearly inadmissible under the declaration. *Royal Bk. of Liverpool vs. Grand Junct. R. R. & Depot Co.*, 100 *Mass. Rep.*, 444; *People, et al. vs. Coffee*, 17 *Ill.*, 154; *Flint vs. Clinton Co.*, 12 *N. H.*, 430.

*John B. Wentz*, for the appellee.

The adoption by the corporation or its officers of the device on the notes as its seal, either by resolution, by-law or use, is nowhere proved, nor is there any testimony that that device was affixed by the proper officers as a seal, nor that any seal was affixed by any officer, nor that any other act or fact usual or proper in the case of an instrument bearing the seal of a corporation was done or existed.

The corporate seal must be affixed by the officer to whose custody it is confided, or by some person specially authorized; and such officer or special agent must act in consequence of the directory vote of the body or managing Board of the corporation. *Derby Canal Co. vs. Wilmot*, 9 *East*, 360; *Bk. U. S. vs. Dandridge*, 12 *Wheat.*, 68; *Clark vs. Imp. Gas Co.*, 4 *Barn. & Ad.*, 315, and 1 *Nev. & M.*, 206; *Anon.*, 12 *Mod.*, 423; *Rex vs. Haughley*, 4 *Barn. & Ad.*, 650; *Koehler vs. Bl'k River Falls Iron Co.*, 2 *Black*, 715; *Jackson vs. Campbell*, 5 *Wend.*, 572; *B. & Dauphin Turnpike Road vs. Myers*, 6 *Serg. & R.*, 12; *Hill*

*vs. Manch. & S. Water Works Co.,* 5 *Barn. & Ad.,* 866, and 2 *Nev. & M.,* 573 ; *Hoyt vs. Thompson,* 5 *N. Y.,* (1 *Seld.,*) 320.

ALVEY, J., delivered the opinion of the Court.

This case is governed by the principles of the decision just rendered in the case of *Jackson and Wife vs. Myers Brothers, ante p.* 452. It is true, it is not made to appear in this case, as in the one just referred to, that, by the articles of association of the makers of the notes, special power and direction are given with reference to the form and character of the notes to be issued ; but we think that can make no essential distinction in the cases. The form, objects and purposes of the notes in both cases are the same ; and the emblem or representation of what is alleged to be the seal of the corporation is printed in one corner of the notes in question here, as in the case of *Jackson vs. Myers ;* and there is nothing on the face of the notes to indicate in the slightest manner that this type or emblem of the seal was intended to authenticate the notes, or to be any part of their execution. They are in form negotiable promissory notes, signed by the officers of the corporation, and it is conceded that they, and others of similar form and character, to a very large amount, have been used and regarded by the commercial community as negotiable notes, subject to all the rules and usages that apply to that class of commercial paper. And such being the general understanding in regard to them, it is but fair to presume that the makers designed them to be so used and regarded.

The other questions raised in the case are immaterial, as they all have reference to the question, whether the notes were sealed instruments or promissory notes. The instruction given by the Court to the jury was very much too strong in favor of the appellant; but of that he cannot complain.

It follows that the judgment appealed from must be affrmed.

*Judgment affirmed.*

(Decided 21st January, 1876.)