(Decided 26th March, 1879.)

———

SALATHIEL O. COLE *vs.* R. R. BOARMAN and J. F. C. TALBOTT, Trustees.

*Practice in Equity—When Trustees cannot be held accountable in that character—Accountability of a Trustee as a Solicitor.*

The appellees were appointed trustees to sell certain real estate, upon default of C. to pay to the appellant an amount found due by a decree of the Court below, on or before a certain day therein named. The appellant afterwards petitioned the Court that the appellees might be required to report the amount paid to them under the decree, and that an account might be stated by the auditor. Separate answers were filed by the appellees which did not state with sufficient accuracy the amount paid under the decree or the manner of its disbursement, but it appeared that the amount had been paid to B., one of the appellees as solicitor of the appellant, within the

time prescribed by the decree. These answers were accepted by the Court below, as a report by the appellees under the decree, and the appellant's petition was dismissed. HELD:

1st. That, as the contingency upon the happening of which the real estate was to be sold and the duties of the appellees as trustees. were to begin, had never occurred, and as the money had not been paid to them as trustees, they could not be held accountable in that character.

2nd. That if B. had not accounted for the money received by him, the proceeding should have been against him as solicitor, by petition requiring him to account for the money received by him as solicitor, and to pay it to the parties entitled.

APPEAL from the Circuit Court for Baltimore County, in Equity.

The case of Salathiel O. Cole against Joseph Alfred Cole and wife, is reported in 41 *Md.*, 301, 305. The cause was remanded for further proceedings. Thereupon, by a decree of the Court below, passed on the 1st February, 1875, the appellees were appointed trustees to sell the land mentioned in the proceedings; provided the defendants failed to pay the debt decreed to be due to the complainant on or before the 20th August, 1875. On the 20th October, 1877, the complainant filed his petition reciting the above facts and praying the Court to pass an order requiring said trustees to report their proceedings, as well as what sum or sums of money had been paid them, and by whom, and at what time, and that an account might be stated by the auditor, showing what sums were due the complainant, and to account for the costs accrued in the Court of Appeals and in the Circuit Court for Baltimore County, and that said trustees be required to pay the same, if in their hands. Whereupon it was ordered by the Court, (WATTERS, J.,) the 20th October, 1877, that the trustees report their proceedings under the decree; and also report what moneys, if any, had been received by them, and when said payments, if any, were made, or show cause to the contrary.

On the 11th January, 1878, R. R. Boarman, trustee, filed his separate answer and an additional answer on the 15th June, 1878.    J. F. C. Talbott, trustee, filed his answer on the 25th May, 1878.    The substance of these answers is stated in the opinion of the Court.    The complainant submitted the matter upon the record, petition and answers, and the Court, (YELLOTT, J.,) by order passed the 15th June, 1878, dismissed the petition; hence this appeal.

The cause was argued before BARTOL, C. J., BRENT, MILLER, ALVEY and ROBINSON, J., for the appellant, and submitted for the appellees.

*J. T. B. Dorsey,* for the appellant.

*R. R. Boarman* and *J. F. C. Talbott,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The appellant, by his petition, prays that the appellees may be required to report the amount paid to them under a decree in the case of *Cole vs. Cole, et al.,* that an account may be stated by the Auditor, &c.

Separate answers were filed by the appellees, and these answers were accepted by the Court below, as a report by the appellees under the decree, and the petition of the appellant was dismissed.

If the money found by the decree to be due the appellant, had in fact been paid to the appellees *as trustees,* we should be obliged to reverse the order of the Circuit Court because the appellees do not in their answers state with sufficient accuracy either the *amount* paid to them, or the *manner of its disbursement.*

Mr. Talbott says he paid to Mr. Boarman, solicitor of the appellant, the entire amount decreed by the Court, including interest and costs, and that he has in his posses-

sion receipts or vouchers for the whole sum, except six hundred dollars, which said sum Mr. Boarman does not deny having received.

Mr. Boarman, instead of showing the *precise sum received by him* and the *exact amount paid by* him, says the whole amount due to the appellant has been paid to him by Mr. Talbott and himself, "either in cash or by the payment of judgments against the appellant, and that the only balance that has not been paid is the costs about which there is some little trouble," &c.

In his additional answer, he files the appellant's receipt for one thousand and eighty-five dollars and twenty-three cents, "in *full of claim and decree,*" and says he had a paper showing the whole transaction, the payments made by Talbott, &c., but that the paper has been mislaid or lost, and thinks there is a balance still due on the decree of about one hundred and twenty dollars, but he is not willing to speak positively, &c.

It is hardly necessary to say that such answers as these ought not to be received of trustees as a final report of money paid to them under a decree. The parties in interest had a right to know the precise amount received and the manner of its disbursement.

But the difficulty in this case is, that the record shows that the money was in point of fact paid to Mr. Boarman as *solicitor* of the appellant, and not to the appellees *as trustees under the decree.*

The appellees were appointed to make sale of the real estate, upon the default by the defendant, J. Alfred Cole, to pay to the appellant the amount found due by the decree *on or before a certain day therein named.* And the record shows that this amount was paid to Mr. Boarman as solicitor of the appellant within the time prescribed by the decree.

The contingency then, upon the happening of which the real estate was to be sold, and the duties of the appellees as trustees were to begin, never occurred.

The money was not paid to them as trustees, and they cannot therefore be held accountable in that character.

If Mr. Boarman has not accounted for the money received by him, the proceeding should be against him *as solicitor.* And this may be by petition addressed to the Court below, requiring him to account for the money received by him as solicitor, and to pay the same to the parties entitled.

For these reasons we are obliged to affirm the order of the Court below, dismissing the petition.

*Order affirmed.*