The Metropolitan Life Insurance Company of New York *vs.* Annie M. Anderson.

*Life insurance—Action on Policy—Evidence—Sealed instrument.*

In an action on a life policy, the medical examiner of the insurance company, who recommended the applicant as a good risk, cannot be asked if he would have so reported had he known that the mother, sister and brothers of the applicant had died of consumption.

Transcripts from the record of deaths in the office of the Registrar of Vital Statistics in the city of Baltimore, are not admissible in an action on a life policy, to show the nature of the disease from which the relatives of the insured died, they being unsworn statements and hearsay evidence.

Policies of life insurance not declared on as sealed instruments, will not be excluded from the consideration of the jury as specialties, where the seal consists simply of an emblem or symbol printed by the printer when the printed blanks were struck off, which was never adopted by the company as its seal.

In an action on three life policies it appeared that the plaintiff was the sister of the insured; that he died unmarried, and left neither father, brother, nor sister surviving him, except the plaintiff, and one other sister, who filed a disclaimer of any interest in the policies; that she had paid all premiums on the first policy from the death of her father, who was the beneficiary therein; that when the second and third policies on her brother's life were applied for, she gave the first policy to the agents of the defendant, who subsequently returned it to her with the endorsement, "additional insurance allowed on the within life;" that, after her father's death, she was urged by defendant's agents to take out additional insurance, and she therefore effected the second and third policies, and paid the premiums on the three policies to the death of the insured, and that the agents of the company knew of the death of her father at the time she paid the premiums. Held :

That the plaintiff was entitled to recover on the first policy, as well as on the other two policies.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

*First, Second, Third and Fourth Exceptions* are set out in the opinion of the Court.

*Fifth Exception.*—The plaintiff offered three prayers, which the Court (RITCHIE, J.,) rejected.

The defendant offered the seven following prayers:

1. If the jury shall find that the plaintiff's mother died of consumption, then, under the pleadings and all the proof in the cause, their verdict must be for the defendant.

2. If the jury shall find that the plaintiff's brothers, Harry E. Anderson and Joseph Anderson, both died of consumption, then, under the pleadings and all the evidence in the case, the plaintiff cannot recover on either the second or the third policy sued upon.

3. If the jury shall find that the plaintiff's sister Margaret died of consumption, then, under the pleadings and all the proof in the cause, the plaintiff cannot recover on either the second or the third policy sued upon.

4. If the jury shall find from the evidence that the witness, Dr. Felix Jenkins, attended the mother and brother, Henry E. Anderson, of the plaintiff, during their respective last illnesses, and made the memoranda read in evidence from his stubs in relation thereto, and that the statements therein contained regarding the cause of death in each case are true, then, under the pleadings and all the proof in the cause, their verdict must be for the defendant.

5. That under no circumstances can the plaintiff recover in this action more than the aggregate amount of the second and third policies read in evidence, with interest thereon, in the discretion of the jury, from the date of demand and refusal.

6. That to recover upon the Policy No. 5,267,612, read in evidence, the plaintiff must establish to the satisfaction

of the jury that the answer to Question No. Nineteen in the application for said policy, read in evidence, was strictly and literally true, and that said plaintiff has offered no evidence legally sufficient to be considered by them of such strict and literal truth.

7. That to recover upon the Policy No. 7,120,165, read in evidence, the plaintiff must establish to the satisfaction of the jury that the answer to Question No. Nineteen in the application for said policy, read in evidence, was strictly and literally true, and that said plaintiff has offered no evidence legally sufficient to be considered by them of such strict and literal truth.

[Question No. 19 was: "Did parents, grandparents, brothers, sisters, uncles or aunts ever have consumption, or any pulmonary, scrofulous or constitutional disease, or insanity?" The answer was: No.]

The Court granted the first, second, third and fourth, and rejected the fifth, sixth and seventh prayers of the defendant; and, of its own motion, granted an instruction to the jury, in lieu of the plaintiff's second prayer, which is set out in the opinion of this Court.

To the rejection of its fifth, sixth and seventh prayers, and to the instruction given by the Court, the defendant excepted. The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before BRYAN, ROBERTS, McSHERRY and BRISCOE, J., for the appellant, and submitted on brief for the appellee.

*W. Hall Harris,* (with whom was *Charles J. Bonaparte,* on the brief,) for the appellant.

*James E. Tippett,* and *Richard B. Tippett,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

This suit was brought by the appellee upon three policies of insurance issued by the appellant, an insurance company of New York State, upon the life of Frank G. Anderson, a brother of the appellee. The appellee's father was the beneficiary named in the first policy, issued on the 27th day of March, 1882. The father dying before the insured, the premiums were paid by the appellee to date of death of her brother.

The last two policies were payable to the appellee, and were issued after the death of the father.

The judgment was for the plaintiff, and the defendant has appealed.

The record contains five bills of exception, and we will pass upon them in their regular order.

The first exception was to the refusal of the Court to allow the following question to be asked Dr. Norris, the medical examiner, who had recommended the applicant as a good risk: " If you had known that the mother, sister, and two brothers of the insured had died of consumption, would you have made the reports you did to the company upon this application?"

This question was clearly inadmissible. Whether the answers to the questions asked in the examination of the applicant for insurance were true or not was a fact for the jury, and could in no wise be affected by the opinion of the witness. The jury were specially instructed by the prayers that, if the answers were untrue, they should find for the defendant.

The second exception was based upon the refusal of the Court to allow transcripts from the record of deaths in the city of Baltimore from the office of Registrar of Vital Statistics, to be offered in evidence for the purpose of showing the nature of the disease from which the relations of the insured died. There was no error in this ruling. The transcripts were but copies of the original records in the office of the Health Department of Baltimore, and in the

absence of a statute making them evidence, were inadmissible. They were unsworn statements or declarations, and hearsay evidence.

The third exception arises upon a motion to exclude from the consideration of the jury the three policies of insurance, because they were specialties, and were inadmissible under the counts of the declaration. The policies were not declared on as sealed instruments, and we think that neither the proof, nor the instruments themselves show that they were specialties. As was said in the case of *Jackson & Wife vs. Myers Brothers*, 43 *Md.*, 463 : "What is alleged to be the seal consists simply of an emblem or symbol printed by the printer at the time when the printed blanks were struck." There is no statement or declaration in any part of the policies that they were or were designed to be executed under the corporate seal of the company.

The policies read: "In witness whereof, the said Metropolitan Life Insurance Company, by its President and Secretary, signed and delivered this policy," &c. Nor does the proof show that the company ever adopted the printed device or emblem for the seal of the company.

The fourth exception is based upon the overruling by the Court of a motion to exclude from the jury the first policy of insurance, which had been admitted by the Court subject to exception.

This policy, as we have heretofore stated, was by the terms of the application, which was a part of the contract of insurance, payable to John Anderson, the father of the appellee.

Obviously, if the appellee was not the owner of the policy, she could not maintain this action, because the variance between the policy and the fourth count of the declaration, which sets out a contract to pay to the plaintiff, would be a fatal variance.

But we think the proof clearly establishes the appellee's right to recover in this action, and that the company is es-

topped by the assertions and declarations of its agents from setting up this defence. The facts are these: The appellee testified that she was the sister of the insured; that he died unmarried, and left no children, nor father, nor brother, nor sister surviving him, except herself and one other sister, who filed a disclaimer of any interest in this policy; that she had paid all premiums upon the first policy from the death of her father; that the receipts in her premium receipt book were signed by the agents of the defendant company, who had from time to time collected the premiums; that at the time when the second and third policies on her brother's life had been applied for, she gave the first policy to the agents of the defendant, who subsequently returned it to her with endorsement thereon, "additional insurance allowed on the within life"; that after her father's death, she was urged by agents of the company to take out additional insurance, and she therefore had effected the second and third policies; that she paid the premiums on the three policies to the death of the insured; that the agents of the company knew of the death of her father at the time she paid the premiums. Upon this state of case, the Court instructed the jury: "If the jury find that after the death of the father, named as beneficiary in the first policy, the said policy, in pursuance of the direction of said father, came into possession of the plaintiff, a sister of the said Frank Anderson, and so continued up to the death of said Frank, and that the agent of the defendant, knowing of the death of said father, called upon the plaintiff for the payment of the premiums on said first policy, and asked and collected the same from her, and so from time to time asked and collected from her said premiums, until the death of said Frank Anderson, and shall further find that during the period from the death of the father until the death of said Frank, the agent of defendant, by his conduct and statements, led plaintiff to believe that said policy belonged entirely to her, and

Metropolitan Life Ins. Co. *vs.* Anderson.

that she was thereby induced to pay said premiums, if they find she did, and that said agent urged her to take out policies numbers two and three, in order that she might have the benefit of additional insurance, and that for the purpose of procuring such alleged additional insurance, he got from her the first policy, and the company endorsed on said first policy permission to take out such additional insurance, then the plaintiff is entitled to recover on said first policy; provided the jury find that said plaintiff was a sister of said Frank, and provided they further find that every answer made in the application for said first policy was true."

This prayer was entirely correct, and contained the law of the case.

There was no error in rejecting the appellant's fifth, sixth and seventh prayers, for the reasons we have given. They were also fully covered by the Court's instruction to the jury.

As the defendant had the benefit of every instruction it was entitled to, and the evidence justified the jury in the verdict they found, we shall affirm the judgment.

*Judgment affirmed.*

(Decided 20th June, 1894.)