STATE OF MARYLAND, Use of PINKNEY A. SCAGGS, Amr. of WAITE E. BROWN *vs.* EDWARD REILLY.

*Limitations in Action on Guardian's Bond—Amendment of Declaration—Plea of Non Est Factum.*

The statute of limitations begins to run on a guardian's bond from the time the ward comes of age and is entitled to demand possession of the property held by the guardian.

Where an action is brought against Edward C. Reilly, the subsequent amendment of the writ and proceedings so as to make the action one against Edward Reilly, he being the person intended to be sued, does not entitle him to plead limitations to the amended *narr.* when he could not have pleaded the same to the original writ.

In an action on a bond, where *non est factum* is pleaded, the burden is on the plaintiff to prove the signing, sealing and delivery of the bond. To meet that burden the official record of the bond is admissible in evidence.

Appeal from the Circuit Court for Prince George's County (CRANE, J.) Former appeals in this case are reported in *State* v. *Duvall*, 83 Md. 123, and *Scaggs* v. *Reilly*, 88 Md. 63.

The cause was submitted to the Court on briefs by :

*Phil. W. Chew*, for the appellant.

*Stanley & Roberts*, for the appellee.

PAGE, J., delivered the opinion of the Court.

The record in this case is very meagre, even when taken in connection with the records in the two former appeals ; so that we have had no little difficulty in determining with precision what was done in the lower Court.

The suit was brought in 1890, on a guardian's bond, alleged to have been executed by Sarah A. Brown, guardian of Waite E. Brown, and George W. Duvall and Edward C. Reilly, sureties.   Mrs. Brown was returned *non est* and Duvall has died since the commencement of the action. The *narr.* set out the bond and the alleged breaches.   The appellee originally pleaded performance and limitations, but subsequently by leave of the Court withdrew these pleas and filed a plea of *non est factum*.   While the pleadings were in this condition, the appellant moved and the motion was granted, " to amend writ and other proceedings " where the name of Edward C. Reilly occurs to Edward Reilly. The record shows that on the same day an amended *narr.* (which is fully set out) was filed, but it does not appear whether " the other proceedings " were amended in accordance with the leave or otherwise.   The appellee thereupon filed two pleas, setting up limitations, both of which were stricken out on a motion of *ne recipiatur ;* this action of the Court was not appealed from and therefore we are not concerned with it now.   On the same day the appellee filed three other pleas, setting up performance by the guardian, release, and laches "for defence on equitable grounds."

At the trial one exception was taken, and it presents the only questions we are now called on to determine.   The Register of Wills of Prince George's County, having been sworn as a witness on behalf of the appellants, produced one of the record-books of his office containing the record

of the bond sued on; which was offered in evidence for the purpose of proving the bond. At the same time the appellant stated that he would follow it up with proper legal evidence of the guardian's account of said Sarah A. Brown, guardian, &c. The Court refused to permit the book, and bond account to be offered.

The appellee contends that the tender of the appellant was properly rejected because the bond was of more than twelve years' standing and therefore barred by limitations; and also because the plea of *non est factum* was still in the cause, which imposed on the appellant the burden of proving the execution and delivery of the bond.

As to the first objection. The bond bears date the 20th of February, 1865. The ward, Waite E. Brown, as appears by the pleas, became of full age in the year 1879. The suit was commenced in 1890. The breach assigned in the *narr.* is the failure to pay to the ward the sum of $1,356.18, which it is alleged was in her hands as guardian and belonging to the ward. There was no plea of limitations in the case. The two that had been filed were stricken out by the Court. Even if there had been such a plea it would not have availed. The funds in the hands of the guardian became payable to the ward upon the ward's arrival at the age of twenty-one, which occurred in 1879, only eleven years before the suit was commenced. Limitations in a case like this runs from the breach of the bond, that is, from the date of the ward's arrival at the age of twenty-one years. His cause of action is then complete and all moneys due him and property belonging to him are from that moment legally demandable. "The right of action being then complete, the statute begins to run from that time." *State, use Henderson, Ex.* v. *Henderson* 54 Md. 343. Nor will the amendment of the *narr.* alter the case in this respect. The amendment did not materially change the character of the action, and therefore no plea of limitation would be available, that was not so at the time the suit was brought. *Wolf* v. *Bauereis,* 72 Md. 488;

**Md.]** Syllabus.

*Hamburger* v. *Paul*, 51 Md. 229; *Schulze* v. *Fox*, 53 Md. 52; *W. U. Tel. Co.* v. *State*, 82 Md. 305.

In considering the second objection but little need be said. The plea of *non est factum* not having been withdrawn, and there being no implication from the course of pleading from which such result can be deduced, is still in the case and imposed upon the appellant the burden of proving the signing, sealing and delivery of the bond. *Keedy* v. *Moats*, 72 Md. 329 The appellant was required to meet this burden before he would be entitled to a verdict. He could not, however, offer all of his evidence at the same time and when he offered evidence material to the issue it was the duty of the Court to receive it. *Plank Road Co.* v. *Bruce*, 6 Md. 457; *Met. In. Co.* v. *Dempsey*, 72 Md. 288; *Patterson* v. *Crowther*, 70 Md. 124.

Therefore, finding there was error in rejecting the offer of the appellant, the judgment must be reversed and new trial awarded.

> *Judgment reversed and new trial*
> *awarded.*

(Decided March 15th, 1899.)