## MATILDA T. HENDERSON, etc., Use of A. E. TULL & CO. *vs.* MARYLAND HOME FIRE INS. CO.

*Jurisdiction of Suit Against Fire Insurance Company—Irregularity in Service of Process—Appeal.*

An insurance company, incorporated under the laws of this State, whose principal office is in Baltimore City, may be sued in any county of the State where it has a local agent, for a loss there sustained, but the summons must be served on the local agent in such county under Code, Art. 75, sec. 22 A.

When a Court has jurisdiction of an action, any defect or irregularity in the service of process must be taken advantage of by motion to quash the writ.

When a demurrer to a plea is erroneously overruled and a judgment of *non pros.* entered against the plaintiff for want of a replication, an appeal lies therefrom.

Appeal from the Circuit Court for Somerset County.

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE, SCHMUCKER and BOND, JJ.

*Gordon Tull* for the appellant.

*J. Henning Nelms* (with whom was *Thos. S. Hodson* on the brief), for the appellee.

PEARCE, J., delivered the opinion of the Court.

This is an action of debt brought in the Circuit Court for Somerset County, June 25th, 1898, by Matilda T. Henderson and Asbury S. Henderson, her husband, for the use of A. E. Tull & Co., against the Maryland Home Fire Insurance Company, a corporation created by an Act of the General Assembly of Maryland, to recover for a loss occurring upon a policy issued by that company to Mrs. Henderson, July 17th, 1895, insuring certain property of hers against

loss or damage by fire.   Process was issued by direction of plaintiffs' attorney to the Sheriff of Baltimore City, to be served on the secretary or president of the company, and it was served upon the secretary, and a copy of the process was left with him at the office of the company in Baltimore. Upon this return being made, Mr. Thomas S. Hodson filed a written order directing the clerk to enter his appearance in the cause for the defendant for the sole purpose of pleading to the jurisdiction of the Court.   The defendant was incorporated by chapter 664 of 1894, under the name of " Maryland Mutual Fire Insurance Company," with its principal office at Crisfield, Maryland, but by chapter 62 of 1896, its corporate name was changed to " Maryland Home Fire Insurance Company," it being provided in the Act that all obligations to and from the said corporation should remain good and binding as if issued to or by said corporation under the new corporate name ; and authority was also given to change the principal office from Crisfield to any place in Maryland determined upon by a majority of the stockholders present at any general or special meeting.

Upon the filing of the plaintiff's *narr.*, a plea to the jurisdiction was filed, alleging that in pursuance of the authority mentioned, the defendant, at a  meeting of the members of said corporation, held January 4th, 1897, unanimously determined to change the principal office from Crisfield to Baltimore, which was accordingly done, and that the defendant since that time had its habitation in the said city of Baltimore, and not in Crisfield, in Somerset County.   To this plea the plaintiffs demurred, but the Court overruled the demurrer, and plaintiffs were placed under rule to reply to the plea.   Failing to comply with this rule, the defendant moved for judgment of *non pros.* for want of a replication, and judgment of *non pros.* was accordingly entered, and judgment for the defendant's costs, and thereupon the plaintiffs brought this appeal.

This plea to the jurisdiction is based upon the common law rule that the place of residence of a corporation is the

place where its principal office is located, or where its principal operations are carried on, and must assume that there is no statute in Maryland which can be held to affect the application of that rule to this case; but as we are of opinion that this common law rule has been abrogated in Maryland, we are not required to consider the argument of the appellant that the Act of 1896 authorizing the change of the appellee's office from Crisfield to Baltimore, is unconstitutional and void, though we may say in passing that any doubts which might otherwise be supposed to exist upon that score will be removed by reference to the cases of *Gans* v. *Carter and Aiken*, 77 Md. 10, and *Drennen* v. *Banks*, 80 Md. 310, as to the objection that it contains more than one subject—and to the case of *County Commissioners* v. *Meekins*, 50 Md. 45, as to the objection that it does not amend and re-enact the section as it would read when amended.

Coming then to the pleadings involved—sec. 132 of Art. 75 of the Code, as amended by chapter 456 of 1888, for the first time provided that " any person who resides in one county but carries on any regular business, or habitually engages in any avocation or employment in another county, may be sued in either county."

In *Crowther's case*, 63 Md. 571, decided in 1885, where one of the questions was whether a turnpike company, whose office was in Baltimore City, could be sued in Balti more County, it was held that a corporation was not within sec. 87 of Art. 75 of the Code of 1860 (now section 132 of Art. 75), then merely providing that " no person should be sued out of the county in which *he* resides, until after a return by the sheriff of the county in which *he* resides of *non est* on a summons issued in said county," JUDGE MILLER, saying, "the rules of interpretation laid down in our Code do not (as they do in most of the States), provide that the word person shall be construed as including corporations ;" though it was held in that case that the turnpike company could be sued in Baltimore County, because " it was as much engaged in prosecuting the work for which

it was brought in being," in Baltimore County, through which its road extended, as in Baltimore City, where its principal office was located.    The Act of 1888, chapter 36 (now Art. 1, sec. 12 of the Code), provides that "the word person shall include corporation unless such construction would be unreasonable," and it will be observed that this Act was passed by the same Legislature which passed the amendment mentioned to sec. 132 of Art. 75.    In *Germania* v. *The State*, 7 Md. 6, under an Act which subjected " *any person or persons* keeping a billiard table without license," to a certain penalty, judgment for such penalty had been rendered against the Germania Club, a corporation, and this Court in affirming the judgment, speaking through CHIEF JUDGE LEGRAND, said : " In the view of the law a corporation is regarded as a person," and sustained the statement by citing *Louisville R. R. Co.* v. *Letson*, 2 Howard, 508.

If the view of the law expressed in 63 Md. was then the correct view, the law has been changed by Art. 1, sec. 12 ; or if the view expressed in 7 Md. was then correct, the rule enacted in Art. 1, sec. 12, instead of changing the rule, was designed to declare it, and also to restrict its application where such construction would be unreasonable.    Here, when the character and extent of the business of successful fire insurance companies is considered, we cannot imagine any ground upon which a Court could hold such construction unreasonable, and whichever view of the law should be adopted, corporations are within sec. 132 of Article 75, unless such construction would be unreasonable in the given case, or unless they are created under the general incorporation law, in which case they come within sec. 296 of Art. 23, title, corporations, by which all suits against such corporations are required to be brought where their certificate is properly recorded.

Sec. 296 of Art. 23, as it appears in the Code of 1888, was enacted by chapter 316 of 1884, which added to the section as it previously stood, permission to serve process

anywhere within the State, on any agent, attorney, or other person in the service of such corporation, where neither the president, director, manager or other officer should reside in the State, but corporations other than those formed under the general law could still only be sued in the place prescribed by the rule of the common law.   The amendment of 1884 only operated upon the service of process. Chapter 128 of 1884, with the same purpose of enlarging the method and expediting the service of process generally, authorized the summons, *wherever issued*, to be directed to and served by the sheriff of any county or city where the defendant may chance to be, returnable to the Court whence issued, and gave to such service the same effect as if made by the sheriff of the county and in the county where the process issued ; and it also left untouched the jurisdiction of the subject-matter, the forum of the suit.   We find nothing in an examination of all the legislation on this subject, which will warrant us in holding, since the enactment of the rule of construction making the word person include corporation, that a corporation does not come within sec. 132 of Art. 75.

But, independently of this view, it seems to us clear that under chapter 367 of 1896 (sec. 22 A, Art. 75 of Code), this suit was properly brought in Somerset County, and that the plea to the jurisdiction was therefore bad.   That section is as follows :

" Whenever any fire insurance company shall have a duly accredited agent in any county or city of this State, resident therein, in which any dwelling, barn, warehouse or other building, covered by insurance in such company, shall be destroyed or damaged by fire, and such insurance company shall neglect or refuse to pay the damages sustained by the owner thereof, such owner may bring suit against said company and prosecute the same in any Court of competent jurisdiction as other suits are brought and prosecuted in the several Courts of this State, by having service served on such resident agent,as fully as if service had

been made on the director or directors of such company; and the judgment rendered in such case shall have the same force and effect as other judgments rendered by the said Courts, would or could have."

The language of this Act is peculiar, in that it does not say that suit may be brought in any county or city of this State where such company has a duly accredited agent resident therein, but says such suit may be brought" in any Court of competent jurisdiction as other suits are brought," which would seem, on first consideration, to mean any Court *competent under existing law* to entertain jurisdiction; but the title of an Act may be considered where the language of the body is obscure or doubtful, "to aid in the interpretation of the Act, and thereby give to the enacting clause, a meaning consistent, rather than at variance, with the clear title of the Act;" (*State* v. *Archer*, 73 Md. 61), and we find the title of this Act to be, "An Act providing for suits against fire insurance companies in localities where they have local agents." Whatever doubt therefore might be entertained as to the precise meaning of the language used in the body of this Act, in specifying the Courts in which such suits may be brought, when construed in connection with its title, we can only conclude that it means Courts 'of counties where local agents reside. This suit was, therefore, properly brought in Somerset County, but the service of process was defective in being made upon the secretary in Baltimore City, instead of the resident agent in Somerset. But this did not deprive the Court of the jurisdiction of the suit, which was given by the Act of 1896. Where the subject-matter of the suit is one over which the Court has jurisdiction, any infirmity in respect to the service of the writ, must be taken advantage of by motion to quash the writ or summons. *Tidd's Practice*, 160, 161; *Ireton* v. *Mayor of Balto.*, 61 Md. 435.

The appeal must be regarded as taken from the judgment of *non pros.*, and for defendant's costs. From such a judgment an appeal will lie, because as to plaintiff it is a

final judgment.  *State* v. *Gittings*, 33 Md. 461.   If the plea
was bad, as we have said it was, the demurrer was improp-
erly overruled and it follows that plaintiff was not in default,
and the judgment of *non pros.*, for want of a replication, was
error and must be reversed.  *Rutledge* v. *McAfee*, 72 Md. 32.

> *Judgment reversed and cause re-*
> *manded for new trial.*

(Decided November 23rd, 1899).