## JOSEPH T. SMITH *vs.* THE WOMAN'S MEDICAL COLLEGE OF BALTIMORE CITY.

*Practice Act—Pleas—Contract of Corporation With Seal Affixed.*

When the plaintiff in a suit brought under the Practice Act desires to contest the sufficiency of the defendant's pleas as filed, he should refuse to join issue on them and move for a judgment by default for want of a sufficient plea. From a judgment for the defendant the plaintiff may appeal, and thus bring up for review the question as to the pleas.

When a contract made by a corporation and signed by its officers has the corporate seal affixed, but there is no reference to the seal in the body of the contract, and it does not purport to be a specialty, the instrument is to be regarded as a simple contract.

When the declaration is in debt on a contract under seal, pleas of "never promised as alleged" and "never indebted as alleged" are improper. But if in such case the declaration should have been in assumpsit on a simple contract, the plaintiff is not entitled to a judgment by default under the Practice Act for want of a sufficient plea.

*Decided March 24th 1909.*

Appeal from the Superior Court of Baltimore City.

The declaration in this case is as follows:

In the Superior Court of Baltimore City, City of Baltimore, to wit—Joseph T. Smith, M. D., by Thomas Mackenzie, his attorney, sues The Woman's Medical College of Baltimore City, a corporation duly incorporated under the laws of the State of Maryland.

For money payable by the defendant to the plaintiff.

For that the said defendant, by its writing obligatory under seal, dated June 1, 1900, promised to pay to the plaintiff the sum of four hundred and fifty-two dollars ($452.00) within two years dating from June 1st following the time at which he leaves the said board after his removal or resignation from the board of trustees of the said college, with interest at the rate of 6% per annum payable July 15th of each year. And the said plaintiff resigned from the said board of trustees on the 5th day of September, 1902, and interest on said note was paid up to and including the 15th day of July, 1904, but the defendant hath not paid any further interest, nor hath it paid the principal sum due or any part thereof.

*Second Count*—And for that the said defendant, by its writing obligatory under seal dated June 1, 1900, promised to pay to the plaintiff the sum of four hundred and fifty-two dollars ($452.00) within two years dating from June 1st following the time at which he leaves the said board after his removal or resignation from the said board of trustees of the said college, with interest at the rate of 6% per annum, payable July 15th of each year. And the said plaintiff resigned from and left the said board of trustees on the 5th day of September, 1902, whereupon the principal of the said writing obligatory became payable on or before the first day of June, 1905, but the defendant hath not paid the same or any part thereof.

And the plaintiff claims $1,000 damages. Thomas Mackenzie, Attorney for Plaintiff.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, WORTHINGTON, THOMAS and HENRY, JJ.

*Thomas Mackenzie* and *H. Findlay French,* for the appellant.

*John L. G. Lee,* for the appellee.

WORTHINGTON, J., delivered the opinion of the Court.

The action in this case was commenced under the Practice Act of Baltimore City on the 7th day of November, 1907, returnable to the November return day, upon the following instrument of writing, which was attached to the declaration:

"$452.                          BALTIMORE, MD., June 1, 1900.

For value received the Woman's Medical College of Baltimore promises to pay to Joseph T. Smith, M. D., within two years, dating from June 1st following the time at which he leaves the Board, after his removal or resignation from the Board of Trustees of the said College; or in case of his death, promises to pay, within the time above noted, to his executors or personal representatives the sum of four hundred and fifty-two dollars ($452.).

It is understood and agreed by the holder hereof that this note is non-negotiable and non-assignable except as herein set forth, and that it shall bear interest at the rate of 6% per annum, payable July 15th of each year.

RICHARD HENRY THOMAS, M. D.,
JOSEPH T. SMITH, M. D.,                          President.
              Secretary."

(Corporate Seal
  Woman's Medical
  College of Baltimore.)
10c. Int. Rev. Stamp affixed.


Attached to the declaration was an affidavit as required by the Act of 1886, Chapter 184. Although the declaration (which we will request the Reporter to set out in full in the report of this case) concludes, as a *narr.* in assumpsit, with a claim of $1,000 *damages,* yet it seems to have been intended as a declaration in debt on specialty, for it sets forth that the defendant "by its writing obligatory under seal" promised to pay, etc.

The words "writing obligatory" themselves imply a written contract under seal. It is a term seldom, if ever, applied to simple contracts. 2 *A. & Eng. Ency.* 758.

To this declaration the defendant pleaded "that it never was indebted as alleged" and "that it did not promise as alleged," with an affidavit to the effect that every plea so pleaded was true, and that the defendant admitted none of the plaintiff's claim to be due and owing, but disputed it all, etc.

Subsequently the plaintiff moved for a judgment by default for want of a sufficient plea and affidavit of defense, but the Court overruled the motion, and, as the plaintiff refused to join issue upon the defendant's pleas or either of them, judgment for the defendant for costs was entered. From this judgment the plaintiff has appealed.

The plaintiff pursued the course heretofore approved by this Court to test the sufficiency of the defendant's pleas, for had he joined issue thereon he would thereby have withdrawn the case from the operation of the Practice Act and placed it upon the footing of a suit at common law. *Traber* v. *Traber,* 50 Md. 1; *Hutton v. Mark,* 69 Md. 252; *Laubheimer* v. *Naill,* 88 Md. 177.

"From such a judgment an appeal will lie, for as to the plaintiff it is a final judgment." *Henderson* v. *Ins. Co.,* 90 Md. 47.

The appellee's motion to dismiss the appeal must therefore be overruled.

The main question presented to this Court is whether the lower Court was right in refusing the plaintiff's motion for judgment by default against the defendant. In considering this question it will be helpful to determine, first, whether the paper writing sued on is a specialty or a simple contract.

It will be observed that while the corporate seal of the defendant corporation is affixed at the bottom of the paper, no reference is made to the seal in the body of the instrument, nor is there anything on the face of the paper to indicate that it was intended to be a bond or specialty.

In the case of *Jackson* v. *Myers,* 43 Md. 452, this Court, speaking through JUDGE ALVEY, said: "The symbol or printed representation of the seal, if it be conceded to be a sufficient representation of the seal, was not printed on the note to re-

strain its negotiability nor to change it into a specialty, but rather as a mark of genuineness. The note in no manner depends upon the seal for its validity, but derives its entire authenticity from the signatures of the officers authorized to execute it."

In *Muth* v. *Dolfield,* 43 Md. 466, the same learned Judge said: "There is nothing on the face of the notes to indicate in the slightest manner that this type or emblem of the seal was intended to authenticate the notes or to be any part of their execution." In *Hamburger* v. *Miller,* 48 Md. 317, this Court, speaking by the same Judge, said: "It (the note) appears to have had the impress of the corporate seal affixed at the foot of the note, but there is no reference made to the seal in any part of the instrument itself, and there is nothing appearing to indicate the purpose of affixing the seal. The note must be taken as a negotiable promissory note, and that, too, without regard to extrinsic facts."

The same view was also expressed in an opinion of this Court delivered by JUDGE BRISCOE in the case of *Metropolitan, etc.,* v. *Anderson,* 79 Md. 375.

In 4 *Thompson on Corporations,* sec. 5053, the propriety of using the corporate seal on simple contracts is thus stated: "While it is not necessary, it is not improper, to refer to the ancient rule of the common law by using the corporate seal as a means of evidencing its assent to a simple contract;" and in 2 *Cook on "Stock and Stockholders and Corporation Law,"* section 761, the author says: "A note given under the seal of the corporation is not necessarily a sealed instrument, inasmuch as the seal is the old mode of signature by a corporation."

As no reference is made in the body of the instrument sued on in this case to the corporate seal impressed thereon, and as there is nothing on the face of the paper to indicate that it was intended to be issued as a specialty, we think that unquestionably, under the previous decisions of this Court, as well as upon the authority of the text-writers quoted above,

the instrument must be considered a simple contract obligation, and not a specialty.

This view does not conflict with the decision of this Court in the case of *Trasher* v. *Everhart,* 3 G. & J. 246, relied upon by the appellant.  In that case the instrument involved was executed by individuals in their private capacity, using a scroll at the end of their names as seals, and it was held that the scroll seal of the obligors rendered the instrument a specialty without any reference to the seal being made in the body of the instrument.

Here we are dealing with an instrument executed for and in behalf of a corporation which according to the ancient rule of the common law could execute no contract apart from the instrumentality of its common seal.  And while this ancient rule has been greatly modified, yet in order to render the written contract of a corporation to which the seal of the corporation is attached a specialty it must appear upon the face of the instrument that it was intended to be executed as such. *Jackson* v. *Myers, supra; 4 Thompson, Corp.,* secs. 5051, 5053-5078.

The declaration in this case being framed in debt on specialty, the pleas filed thereto are not good pleas, and therefore we think the learned judge in the Court below erred in entering judgment against the plaintiff for his refusal to reply to such pleas; but, on the other hand, as the plaintiff misconceived his form of action, he was not entitled to a judgment by default under the Practice Act.

Although the forms of pleading have been simplified by the Code, the forms of action have been preserved and kept distinct. *Canton* v. *Weber,* 34 Md. 670.

The several additional pleas of the defendant filed apparently after the rule day to plead, and without the order of the Court extending the time for filing such pleas, do not affect the case as now presented, and are not before us for review.

For the reasons assigned the judgment will be reversed and a new trial awarded.

> *Judgment reversed with costs and a new trial awarded.*